THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 In the Matter of
 the Care and Treatment of Mitchell Shane Matthews, Appellant.
 
 
 
 
 

Appeal From York County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2009-UP-616
 Submitted December 1, 2009  Filed
December 22, 2009    

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah
 R.J. Shupe, and Assistant Attorney General William M. Blitch, Jr., all of Columbia,
 for Respondent.
 
 
 

PER CURIAM:  Mitchell
 Shane Matthews appeals his commitment to the South Carolina Department of
 Mental Health under the Sexually Violent Predator Act.  On appeal, Matthews
 argues the trial court erred in allowing the State's expert witness to testify about
 statements from non-testifying third parties.  Specifically, Matthews argues
 the statements constituted hearsay.  We affirm[1] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities: Rule 703, SCRE (allowing
 experts to testify to facts not ordinarily admissible if they are facts
 reasonably relied upon by experts in the field to form an opinion); Jones v. Doe,
 372 S.C. 53, 63, 640 S.E.2d 519, 519 (Ct. App. 2006) (holding an expert may
 testify on the facts or bases of his opinion, even if the evidence is hearsay, so
 long as the testimony is only used to explain to the jury the basis of his
 opinion); Hundley ex rel. Hundley v. Rite Aid of S.C., Inc., 339 S.C.
 285, 295, 529 S.E.2d 45, 50 (Ct. App. 2000) (stating Rule 703, SCRE allows an
 expert to "base his opinion on information, whether or not admissible,
 made available to him before the hearing if the information is of the type
 reasonably relied upon in the field to make opinions"). 
AFFIRMED.
Williams, pieper, and lockemy, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.